**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2014-NMCA-097

Filing Date: July 22, 2014

Docket No. 32,310

THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK, NOT
IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE FOR THE BENEFIT
OF THE CERTIFICATE HOLDERS OF
THE CWABS INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-16,

       Plaintiff-Appellee,

v.

SUZANNE LOPES,

       Defendant-Appellant,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
(SOLELY AS NOMINEE FOR
LENDER AND LENDER'S
SUCCESSOR AND ASSIGNS)
and OSCAR D. FREITES,

       Defendants.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Beatrice J. Brickhouse, District Judge

The Castle Law Group, LLC
Peggy A. Whitmore
Elizabeth Mason
Albuquerque, NM

for Appellee

1

Suzanne Lopes
Albuquerque, NM

Pro Se Appellant

## OPINION

**VIGIL, Judge.**

**{1}** Defendant, Suzanne Lopes (Homeowner), appeals from the district court order granting summary judgment in favor of Plaintiff, The Bank of New York Mellon (the Bank). Homeowner contends, among other things, that the Bank failed to show that it had standing to bring its foreclosure claim. We agree with Homeowner and reverse.

## I. BACKGROUND

**{2}** Homeowner executed a promissory note to Countrywide Home Loans, Inc. (Countrywide), in the amount of $140,000 for the purchase of a home. Homeowner also signed a mortgage contract with Mortgage Electronic Registration Systems (MERS), as nominee for Countrywide, as security for the loan. On July 6, 2011, MERS assigned Homeowner's mortgage to the Bank. On August 4, 2011, the Bank filed a complaint for foreclosure, asserting that the loan was in default. The complaint asserted that "[the Bank] is the owner of the [m]ortgage and the holder in due course of the [n]ote." The Bank attached to the complaint copies of the mortgage and the mortgage assignment. Representing herself, Homeowner answered, asserting that to bring the action, the Bank was required to own both the mortgage and the promissory note. Because there was no evidence that the Bank owned the note, Homeowner contended that the Bank had no standing.

**{3}** On September 22, 2011, as an exhibit to the Bank's response to a motion filed by Homeowner to disqualify counsel, the Bank attached a copy of a promissory note from Homeowner to Countrywide. The note was indorsed in blank by Michelle Sjolander, Executive Vice President of Countrywide. The indorsement was undated and appears to be signed by stamp rather than by hand. No evidence was presented to show when or how the Bank came into possession of the note. In any case, the Bank asserted that the assignment of the mortgage by MERS "effectively assign[ed] the [n]ote as well because . . . the [n]ote is secured by the [m]ortgage." The Bank then filed a motion for summary judgment, which the district court granted, and it filed a decree of foreclosure on the home in favor of the Bank.

**{4}** Homeowner appeals, arguing that the Bank has no right to foreclose, which we construe to mean it has no standing to bring the action. In its amended answer brief, the Bank asserts that a copy of the mortgage and assignment of mortgage were attached to the original complaint and that substantial evidence supports the finding by the district court that it was a holder under the New Mexico Uniform Commercial Code (UCC) of Homeowner's

2

note.

## II.    DISCUSSION

**{5}**    On appeal, Homeowner raises several issues in addition to standing.  Because our disposition of the standing issue is dispositive, we do not reach the merits of the other issues.

### A.    Standard of Review

**{6}**    "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law."  *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582.  We review issues of law de novo.  *Id.* "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits."  *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241. Because we hold that there are material issues of fact and matters of law that preclude summary judgment, we reverse the order granting summary judgment to the Bank.

### B.    The Bank Lacks Standing

**{7}**    Our Supreme Court "clarified that standing is a jurisdictional prerequisite[.]" *Deutsche Bank Nat'l Trust Co. v. Beneficial N.M. Inc.*, 2014-NMCA-___, ___P.3d___, ¶ 8 (No. 31,503, May 1, 2014); *see also Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 15, 320 P.3d 1 ("[L]ack of standing is a potential jurisdictional defect." (alteration, internal quotation marks, and citation omitted)).   Therefore, standing must be established as of the commencement of a suit.  *Bank of N.Y.*, 2014-NMSC-007, ¶ 17 ("[S]tanding is to be determined as of the commencement of suit." (alteration in original) (internal quotation marks and citation omitted)); *Deutsche Bank*, 2014-NMCA-__, ¶ 8 ("[S]tanding . . . must be established at the time the complaint is filed."); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992) ("[S]tanding is  to be determined as of the commencement of suit[.]").

**{8}**    In order for the Bank to establish standing to bring a suit for foreclosure against Homeowner, it was required to demonstrate the right to enforce both the promissory note and the mortgage lien on the property at the time it filed its complaint.  *See Bank of N.Y.*, 2014-NMSC-007, ¶ 17 (stating that the bank had the burden of establishing ownership of the note and the mortgage under the UCC at the time it filed suit); *see also Deutsche Bank*, 2014-NMCA-__, ¶ 8 (stating that in order to demonstrate standing in a foreclosure case, a lender must establish at the time of the complaint:  "(1) a right to enforce the note, which represents the debt, and (2) ownership of the mortgage lien upon the debtor's property").  The standing issue in this case pivots on whether the Bank demonstrated that it was entitled to enforce the note.

**{9}**    The right to enforce negotiable instruments, which include notes for home loans like

that of Homeowner, is governed by the UCC. *See Bank of N.Y.*, 2014-NMSC-007, ¶ 19 (stating that notes for home loans are negotiable instruments and that the UCC governs enforcement of negotiable instruments). To establish the right to enforce Homeowner's note under the UCC, the Bank was required to prove that at the time suit was filed, it was: "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument." NMSA 1978, § 55-3-301 (1992). Because the Bank asserted in its complaint that it was a "holder in due course[,]" and on appeal argues that it was a holder,[1] we consider only whether the Bank had standing to bring suit as a holder, the first of the three ways to establish the right to enforce a negotiable instrument under the UCC.

**{10}** "Holder" is a term of art within the UCC. While it is necessary to possess a negotiable instrument to qualify as a holder, possession of a negotiable instrument is not of itself necessarily sufficient. *See Bank of N.Y.*, 2014-NMSC-007, ¶ 21 ("The first requirement of being a holder is possession of the instrument. However, possession is not necessarily sufficient to make one a holder." (internal quotation marks and citation omitted)). Because Homeowner's note was originally made payable to Countrywide, not the Bank, this case concerns a non-payee to a note asserting the right to enforce as a holder. The UCC provides two paths by which a third party to a note can establish the right to enforce as a holder: (1) possession of the note properly indorsed specifically to the third party; or (2) possession of the note properly indorsed in blank—that is, properly indorsed but not to an identified person or entity. *See* NMSA 1978 § 55-1-201(b)(21) (2005) (stating that a holder is a person in possession of a negotiable instrument payable: (1) to bearer, or (2) to an identified person and who is that person); *see* § 55-1-201(b)(5) (identifying bearer paper as a negotiable instrument that has an indorsement in blank).

**{11}** The Bank argues that because it attached the assignment of mortgage made to the Bank by MERS that the Bank was entitled to enforce the note. This is not consistent with *Bank of N.Y.*, which was decided by our Supreme Court while this case was pending. In *Bank of N.Y.*, our Supreme Court concluded that MERS "is merely a nominee for [the lender] in the underlying [m]ortgage" and, as such, "lacked any authority to assign [the homeowners'] note." 2014-NMSC-007, ¶ 35 (internal quotation marks omitted). The Court observed that a note and a mortgage serve distinct contractual functions—the note is the debt while the mortgage is a pledged security for the debt. *Id.* ¶ 17. Accordingly, the MERS

---

[1] Holders in due course under the UCC are a subset of holders who "took the instrument (i) for value, (ii) in good faith, [and] (iii) without notice that the instrument is overdue or has been dishonored[,]" among other requirements. NMSA 1978, Section 55-3-302(a)(2) (1992). Holders in due course are immunized from certain "personal defenses" generally available to the maker of a note. *See Cadle Co., Inc. v. Wallach Concrete, Inc.*, 1995-NMSC-039, ¶ 8, 120 N.M. 56, 897 P.2d 1104. We do not consider the Bank's assertion of holder in due course status because the parties ignore it and because disposition of the case does not require our consideration thereof.

assignment of mortgage to the Bank was ineffective to establish the Bank's right to enforce the note.

**{12}**     Neither the Bank's attachment of a copy of Homeowner's note, indorsed in blank, to its September 22, 2011 pleading nor its production of that note at the summary judgment hearing on July 17, 2012 established the Bank's standing to bring the suit for foreclosure against Homeowner on July 6, 2011. Under the UCC, possession of a note properly indorsed in blank establishes the right to enforce that note. *See id.* ¶ 24 (stating a blank indorsement makes the negotiable instrument bearer paper and therefore payable to the person who is in possession). But again, in order to establish standing to bring a suit for foreclosure, the right to enforce the note must be established at the time the complaint is filed. *See id.* ¶ 17 ("Standing is to be determined as of the commencement of the suit . . . . the [bank] had the burden of establishing timely ownership of the note and the mortgage to support its entitlement to pursue a foreclosure action." (alteration, internal quotation marks, and citation omitted)). In *Deutsche Bank*, we concluded that a note with an undated indorsement in blank, which was not produced at the time the complaint was filed, but only at trial, was insufficient to establish a bank's standing to foreclose. 2014-NMCA-___, ¶ 13. As in *Deutsche Bank*, the Bank's failure to establish that it had the right to enforce Homeowner's note as of the date the complaint for foreclosure was filed constitutes a failure to establish the Bank's standing to bring the suit and a jurisdictional defect.

**{13}**     Because the Bank failed to establish that it had the right to enforce Homeowner's note as of the time of the complaint, the Bank lacked standing to file a suit for foreclosure against Homeowner.

**CONCLUSION**

**{14}**     The district court order is reversed, and this case is remanded for further proceedings consistent with this Opinion.

**{15}     IT IS SO ORDERED.**


                                 _____

                                 **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

5

**TIMOTHY L. GARCIA, Judge**