This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RODGER LORD INC.,**

 Plaintiff-Appellee,

v.                                              **NO. 35,756**

**ARCHULETA REAL ESTATE
SOLUTIONS, INC., and ALL
UNKNOWN PERSONS CLAIMING
ANY LIEN INTEREST, OR TITLE
ADVERSE TO PLAINTIFF,**

 Defendants,

and

**ALFONSO ARCHULETA,**

 Interested Party-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY
James T. Martin, District Judge**

Holt Mynatt Martinez, PC
Blaine T. Mynatt
Las Cruces, NM

for Appellee

Alfonso Archuleta

Las Cruces, NM

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Self-represented Interested Party Alfonso Archuleta (Archuleta) appeals from the district court's order quieting title and granting summary judgment in favor of Plaintiff Roger Lord, Inc. In this Court's notice of proposed disposition, we proposed to summarily affirm. Archuleta filed a Memorandum Against Proposed Summary Disposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm the district court's order quieting title and granting summary judgment in favor of Plaintiff.

{}     In his MIO, Archuleta continues to argue that there are disputed material facts warranting a jury trial, identifying various purported facts and issues, and continuing to raise contract and equitable arguments that are not relevant to the quiet title action brought by Plaintiff. [*See* unpaginated MIO 6] However, Archuleta fails to actually dispute the material facts as set forth by this Court in our notice of proposed disposition [*see* CN 3–4]—instead focusing on facts and other arguments not relevant to the quiet title action. [*See generally* unpaginated MIO 1–6]

{3}     We therefore conclude that Archuleta has failed to meet his burden on appeal.

*See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("[The appellate] courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Although pleadings from self-represented litigants are viewed with tolerance, "a [self-represented] litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (internal citation omitted); *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (indicating that self-represented litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel).

{4}    With regard to Archuleta's continued argument that he was entitled to a jury trial, we note that Archuleta cites to various cases that discuss a party's right to a jury trial when cases raise both equitable and legal issues, when the parties agree to a jury trial and the district court has ordered one, and when a criminal defendant is charged

3

with a crime. [*See* unpaginated MIO 1–2] However, Archuleta fails to explain why he is entitled to a jury trial in a civil case when a motion for summary judgment has been filed, when there are no disputes of material fact, and when the issue can be resolved as a matter of law. *See State v. Muraida*, 2014-NMCA-060, ¶ 12, 326 P.3d 1113 ("Questions of fact . . . are the unique purview of the jury and, as such, should be decided by the jury alone." (internal quotation marks and citation omitted)); *Farmington Police Officers Ass'n v. City of Farmington*, 2006-NMCA-077, ¶ 23 , 139 N.M. 750, 137 P.3d 1204 (indicating that, when there are no questions of fact for the fact-finder to resolve, it is proper for the district court to determine the question of law); Rule 1-056(C) NMRA (stating that a judgment from the district court is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). We are aware of no law that requires a jury trial in such a case and, as Archuleta has provided us with no authority supporting such a proposition, we assume none exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{5}     As Archuleta has not shown error in the district court's conclusion that

4

summary judgment should be granted in favor of Plaintiff and that title should be quieted in favor of Plaintiff [*see* RP 108; *see also* RP 1–4 (complaint to quiet title)], we conclude that the district court did not err in so concluding. *See Firstenberg v. Monribot*, 2015-NMCA-062, ¶ 57, 350 P.3d 1205 (stating that "the burden is on the appellant to clearly demonstrate the district court's error" (internal quotation marks and citation omitted)); *Bank of New York Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 ("Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." (internal quotation marks and citation omitted)). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**MICHAEL E. VIGIL, Judge**