This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WELLS FARGO BANK, N.A.,**

Plaintiff-Appellee

v.                                           NO. A-1-CA-36870

**BENJAMIN SHERMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

McCarthy Holthus LLP
Steven J. Lucero
Albuquerque, NM

for Appellee

Sherman & Sherman Law Offices
Frederick H. Sherman
Deming, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant Benjamin Sherman appeals from the district court's order granting summary judgment in favor of Plaintiff Wells Fargo Bank, N.A. in the underlying foreclosure action. This Court's calendar notice proposed summary affirmance. Defendant filed a memorandum in opposition (MIO) to the proposed disposition. Not persuaded by Defendant's arguments, we affirm.

{2}     Defendant continues to challenge the note by arguing that Plaintiff failed to show chain of title for the note beyond possession by the original lender identified as TMS Mortgage INC./DBA The Money Store (TMS). [MIO 2] However, contrary to Defendant's assertion, chain of title for the note was not necessary. [MIO 5] Similarly, to the extent Defendant challenges what he refers to as the "assignment" of the note [MIO 3], an assignment is not necessary to transfer a note. *See Deutsche Bank Nat'l Trust Co. v. Beneficial New Mexico Inc.*, 2014-NMCA-090, ¶ 14, 335 P.3d 217 ("[A]n assignment of mortgage is separate from the note and does not by itself transfer ownership of the note."); *see also Bank of New York v. Romero*, 2014-NMSC-007, ¶ 34, 320 P.3d 1 (recognizing that bank cannot enforce note merely because it was assigned the mortgage since such assignment only vests rights to the mortgage that the assigning entity possessed).

{3}     Rather, negotiation of the note occurred upon transfer of possession of the note to Plaintiff. *See* NMSA 1978, § 55-3-205(b) (1992) ("When indorsed in blank, an

instrument becomes payable to bearer and *may be negotiated by transfer of possession alone* until specially indorsed." (emphasis added)). The note was indorsed in blank by the assistant vice president (Asst. VP) of the original lender, TMS. [RP 11] Because the note was signed without identifying a bearer, it was indorsed in blank. *See* §55-3-205(b) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' "); *see also Romero*, 2014-NMSC-007, ¶ 24 ("A blank indorsement, as its name suggests, does not identify a person to whom the instrument is payable but instead makes it payable to *anyone* who holds it as bearer paper." (emphasis added)). Plaintiff was the bearer of the note. *See* NMSA 1978, § 55-1-201(b)(5) (2005) (defining the bearer as "a person in possession of a negotiable instrument . . . that is payable to bearer or indorsed in blank"). The blank indorsement by TMS established Plaintiff as holder of the note because it was in possession of bearer paper. *See Romero*, 2014-NMSC-007, ¶ 26 (agreeing that "if the . . . note contained only a blank indorsement from [the bank], that blank indorsement would have established the [b]ank as a holder because the [b]ank would have been in possession of bearer paper").

{4}     Here, the note was not indorsed to a third-party, which is also referred to as a special indorsement. *See* § 55-3-205(a) ("When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the

3

indorsement of that person."). Consequently, any citations to case law in the MIO that Defendant asserts this Court did not address concerning indorsement to a third-party are inapplicable. [MIO 2, 4, 9-10, 16]

{5} Additionally, the fact that the note was undated is immaterial. *Cf. Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶¶ 24-25, 369 P.3d 1046 (holding that although an undated indorsement does not impact the validity of the note, presenting an undated indorsed note after the complaint is filed does not prove that a party seeking to foreclose possessed the blank note when it filed suit). The reason it is immaterial is because Plaintiff was the holder of the note at the time the complaint was filed [RP 4], and had possession of the note prior to the filing of the complaint [RP136]. That, along with the indorsement in blank, is all that was required to establish Plaintiff as holder of the note. *See* § 55-1-201(b)(21)(A) (defining holder of the note as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession").

{6} Defendant also challenges the authenticity of the note. [MIO 9, 12] However, Defendant failed to dispute the note's authenticity in response to Plaintiff's motion for summary judgment. Plaintiff asserted as an undisputed fact in its motion for summary judgment that it had possession of the note since prior to the filing of the foreclosure complaint. [RP 136, 146] In response, Defendant did not dispute that fact, but only

challenged whether the vice president of loan documentation of Wells Fargo had personal knowledge of the signing of the note and mortgage by TMS in 1994. [RP 268] The affiant's personal knowledge of the signing of the note and mortgage are immaterial. To establish standing, all Plaintiff was required to do is establish itself as holder of note at the time the foreclosure complaint was filed, which it did, and Defendant did not dispute that fact with evidence by way of affidavit or other documentary evidence. *See Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 29, 294 P.3d 1276 ("A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant." (internal quotation marks and citation omitted)). Thus, Defendant failed to meet his burden of disputing a material fact precluding summary judgment. *See Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶15, 296 P.3d 478 ("[T]he party opposing summary judgment has the burden to demonstrate the existence of specific evidentiary facts which would require trial on the merits. A party may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint." (alteration, internal quotation marks and citations omitted)).

{7}     Insofar as Defendant continues to challenge the propriety of the assignment of mortgage to Plaintiff, this Court's calendar notice detailed the assignments of

5

mortgage establishing the chain of title and proposed to conclude that Plaintiff was the assignee of the mortgage with a resulting right to enforce the note and foreclose the mortgage. [CN 4-5] Defendant did not point to any error in fact or law with the proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Defendant argues that the assignments of mortgage contained errors breaking the chain of title. [MIO 7-8] However, aside from questioning the Asst. VP's personal knowledge regarding the records kept by TMS, Defendant's response to Plaintiff's motion for summary judgment did not dispute Plaintiff's ownership of the mortgage though proper assignment. [RP 267-68] Thus, Defendant failed to meet his burden of disputing a material fact precluding summary judgment. *See Horne*, 2013-NMSC-004, ¶15.

**{8}** Defendant further contends that there was a lack of scrutiny by the district court with regard to exhibits A, B, and C attached to Plaintiff's affidavit, but not specifically discussed or cited therein, as required by *BAC Home Loans Servicing LP v. Smith,* 2016-NMCA-025, 366 P.3d 714. [MIO 14] However, Defendant's response to Plaintiff's motion for summary judgment does not specify which facts in those exhibits Defendant disputes or otherwise controvert the contents of the exhibits by

6

affidavit or other admissible evidence. [RP 266-68] *See Associated Home & RV Sales*, 2013-NMCA-018, ¶ 29. Therefore, Defendant failed to meet his burden of disputing a material fact precluding summary judgment. *See Horne*, 2013-NMSC-004, ¶15.

{9}     Lastly, Defendant did not respond to this Court's proposed disposition for Issue 4 in the calendar notice; hence, that issue is abandoned. [CN 5] *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that where memorandum in opposition does not respond to the proposed disposition, the issue is deemed abandoned).

{10}     For these reasons, and those stated in the calendar notice, we affirm the district court's order awarding summary judgment in favor of Plaintiff.

{11}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**



_____
**M. MONICA ZAMORA, Judge**



_____
**DANIEL J. GALLEGOS, Judge**