This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**US BANK NATIONAL ASSOCIATION**
**Not in its Individual Capacity but Solely**
**as Trustee for the Maroon Plains Trust,**

 Plaintiff-Appellee,

v.             **NO. A-1-CA-37123**

**WILLIAM F. ROBERTS a/k/a**
**WILLIAM SKIP ROBERTS,**

 Defendant-Appellant,

and

**LONG BEACH MORTGAGE COMPANY,**

 Defendant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Shannon Murdock, District Judge**

Houser & Allison, APC
Lindsay K. Griffel
Albuquerque, NM

for Appellee

William F. Roberts
Moriarty, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1} Defendant William F. Roberts has appealed from an award of summary judgment to Plaintiff US Bank National Association in the underlying foreclosure action. We previously issued a notice of proposed summary disposition in which we proposed to reverse. Plaintiff has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore reverse and remand for further proceedings.

{2} The pertinent background information has previously been set forth. To very briefly summarize, the original lender filed the action in February 2013, and attached an unindorsed copy of the note to its complaint. [CN 2] It did not allege that it was in possession of the original. [CN 2-3] As a result of multiple assignments and/or transfers of the mortgage and note, Plaintiff was later substituted. [CN 3-4] In September 2017, Plaintiff moved for summary judgment. [CN 4] In support of its claim, Plaintiff produced the original note, containing two undated indorsements, one in blank. [CN 3-4; MIO 6] Plaintiff also submitted an affidavit, to the effect that counsel had been in possession of the original note since March 20, 2013. [CN 4] Defendant responded in opposition, challenging Plaintiff's standing. [CN 4] In its

reply Plaintiff contended that it had established its standing by virtue of its possession of the note, which was by that time a bearer instrument, and further asserted that the prior parties-plaintiff had similarly established their standing. [CN 5]

{3} In the notice of proposed summary disposition we explained that Plaintiff's showing was insufficient to establish standing as of the time of the filing of the complaint, and therefore proposed to summarily reverse and remand for further proceedings. [CN 5-8] Rather than reiterating at length here, we will focus on the content of the memorandum in opposition.

{4} Plaintiff asserts that Defendant failed to challenge standing below, and suggests that this Court has improvidently raised the issue *sua sponte*. [MIO 6-7] However, as we described in the notice of proposed summary disposition, the record before us reflects that Defendant clearly and repeatedly raised the issue of standing, and specifically attacked Plaintiff's showing in connection with the motion for summary judgment. [CN 3-4] This was sufficient to raise the issue, such that Plaintiff bore the burden of demonstrating standing as of the time of the filing of the complaint. *See Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶¶ 14, 20-27, 369 P.3d 1046 (explaining that when a defendant raises a challenge to standing in a foreclosure action, "the plaintiff must then prove that it held the note at the time of filing" of the complaint (emphasis omitted)).

**{5}** In satisfaction of that requirement, Plaintiff relies heavily on the initial plaintiff's status as originator of the loan, suggesting that this automatically conferred standing. [MIO 8-11] However, as we observed in the notice of proposed summary disposition, [CN 6] the originator's standing was similarly contingent upon possession. *See Bank of New York v. Romero*, 2014-NMSC-007, ¶ 21, 320 P.3d 1 ("The payee is always a holder *if the payee has possession*." (emphasis added)). As noted above, the initial plaintiff neither alleged that it was in possession at the time of the filing of the complaint, nor produced the original. Plaintiff similarly failed to present any support for the assertion that the initial plaintiff was in possession. Instead, Plaintiff suggests that Defendant's "delivery" of the note to the initial plaintiff, in 2007, should be deemed sufficient to establish its continuing possession as of the filing of the complaint roughly five and one-half years later. [MIO 3-4] Plaintiff also suggests that *Defendant's* failure to produce evidence that the original lender no longer had possession is akin to a concession. [MIO 3-4, 6, 11] We reject both of these suggestions, as they are patently at odds with the clear authority that Plaintiff bore the burden of proof on this critical matter, not Defendant. *See Johnston*, 2016-NMSC-013, ¶¶ 14, 20-27 (explaining that when a defendant raises a challenge to standing in a foreclosure action, the plaintiff bears the burden of proving that it held the note at the time of filing of the complaint).

{6} The undated allonges are similarly insufficient to satisfy Plaintiff's burden, because possession of the note remained essential. *See PNC Mortgage v. Romero*, 2016-NMCA-064, ¶¶ 20-35, 377 P.3d 461 (observing that "a successor in interest seeking to establish its right to foreclose [must] provide some evidence of a proper indorsement or transfer . . . as part of its prima facie case[,]" and it must establish that right at the time of the filing of the complaint; and illustrating, whether a note was unendorsed or endorsed in blank as of the date of the filing of the foreclosure complaint, possession is essential to establish standing). And although the affidavit of possession may have been sufficient to establish possession by March 20, 2013, that is unavailing, given that the complaint was filed roughly a month earlier. *See, e.g., BAC Home Loans Servicing LP v. Smith*, 2016-NMCA-025, ¶ 11, 366 P.3d 714 (observing that counsel's statement that she was in possession of the original note, endorsed in blank, at a summary judgment hearing, was insufficient to establish the plaintiff's possession of the original, endorsed note at the time of the filing of the complaint).

{7} Ultimately, on the critical question of possession of the note as of the date of the filing of the complaint, the record is conspicuously silent. As we previously observed, although a copy of the note was attached to the complaint, it was merely a copy, and it lacked the undated endorsements that subsequently came to light. [CN 7]

Under the circumstances, possession cannot properly be inferred. *See, e.g., PNC Mortgage*, 2016-NMCA-064, ¶¶ 3, 24-25, 34-35 (arriving at a similar conclusion under analogous circumstances).

{8}    In the absence of evidence of evidence of possession as of the date of the filing of the complaint, Plaintiff cannot be said to have established its standing. Accordingly, for the reasons stated, we reverse and remand for further proceedings consistent herewith.

{9}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**HENRY M. BOHNHOFF, Judge**

6