This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**U.S. BANK NATIONAL ASSOCIATION,**

Plaintiff-Appellee,

**v.**                                                    **No. A-1-CA-37125**

**ANA M. DEARDORFF a/k/a**
**ANA DEARDORFF,**

Defendant-Appellant,

**and**

**SANTA FE COMMUNITY HOUSING**
**TRUST, and NEW MEXICO DEPARTMENT**
**OF WORKFORCE SOLUTIONS,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**David K. Thomson, District Judge**

McCarthy & Holthus, LLP
Joshua T. Chappell
Karen Weaver
Albuquerque, NM

for Appellee

Ana M. Deardorff
Santa Fe. NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant, a self-represented litigant, appeals from the district court's order of summary judgment and foreclosure decree. Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition and motion to amend the docketing statement. We have considered Defendant's response and remain unpersuaded. We deny the motion to amend and affirm the district court's order.

**{2}** On appeal, Defendant's contentions fall under two broad categories: Plaintiff lacked standing to foreclose the deed of trust and enforce the note and mortgage; and factual disputes rendered summary judgment improper. To avoid the needless duplication of efforts, we do not reiterate the full analysis contained in our notice, and proceed to focus on arguments Defendant makes in her response.

**Standing**

**{3}** As a part of her argument that Plaintiff lacked standing to foreclose, Defendant's memorandum in opposition focuses on her complaint that the term "deed of trust" was used interchangeably in district court with term "mortgage," asserting

that they have different meanings, confer different rights, and are governed by different statutes. [MIO 3-6, 9-11] Defendant does not explain, however, what these differences include and how she believes these differences affect Plaintiff's standing to enforce the note in this case. We are under no obligation to develop Defendant's argument and search the record for support for her perceived differences between a mortgage and a deed of trust. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow this Court to evaluate the claim).

{4} Nevertheless, we observe that the Deed of Trust Act makes deeds of trust broadly comparable to mortgages. It defines "deed of trust" as "a document by way of *mortgage in substance* executed in conformity with the Deed of Trust Act and in conformity with [NMSA 1978,] Section 47-1-39 [(1947)] granting or mortgaging trust real estate to a trustee qualified under the Deed of Trust Act to secure the performance of a contract." NMSA 1978, § 48-10-3(F) (2006) (emphasis added). The Deed of Trust Act further states:

Deeds of trust may be executed as security for the performance of a contract. The laws of New Mexico which refer to mortgages as security instruments are deemed to also include deeds of trust unless the context otherwise requires. The lien theory of mortgages in New Mexico shall continue to apply to deeds of trust executed as provided in the Deed of Trust Act.

NMSA 1978, § 48-10-8 (1987); *see also* Section 48-10-3(I) ("Both the beneficiary and the trustee have all the powers of a mortgagee as provided by law[.]"); NMSA 1978, § 48-10-10(A) (2006) ("At the option of the beneficiary, a deed of trust may be foreclosed in the manner provided by law for the foreclosure of mortgages on real estate.").

{5} The Deed of Trust Act provides that "[e]ither the beneficiary or the trustee shall constitute the proper and complete party plaintiff in any action to foreclose a deed of trust." Section 48-10-10(A). Under the deed of trust in the current case, the beneficiary is Mortgage Electronic Registration Systems, Inc. (MERS), which is also the nominee for the Lender, Century Bank. [RP 11] MERS recorded an assignment of mortgage, assigning the "mortgage" and the obligations secured thereunder to U.S. Bank National Association, Plaintiff. [RP 24] MERS treated the deed of trust as a mortgage, which Section 48-10-10(A) cited above appears to permit. Section 48-10-10(A) ("At the option of the beneficiary, a deed of trust may be foreclosed in the manner provided by law for the foreclosure of mortgages on real estate."). Even if

3

there is some error in calling the deed of trust a mortgage, there appears to be no room for confusion about which documents, parties and obligations the assignment relates, given that the assignment accurately identifies the deed of trust by recording dates and instrument numbers of the deed of trust and accurately identifies the parties to the deed of trust and the note. [RP 8, 11, 22, 24] Defendant has not persuaded us that there was any improper conflating of the deed of trust and a mortgage, and she has not demonstrated how it may have affected the outcome in this case.

{6}     Further, as we explained in our notice, the record before us supports the district court's conclusion that Plaintiff demonstrated it had standing to foreclose having been in possession of the original note, which was indorsed in blank and therefore bearer paper, at the time when Plaintiff initiated this foreclosure suit. *See PNC Mortg. v. Romero*, 2016-NMCA-064, ¶ 19, 377 P.3d 461 (stating that a plaintiff establishes standing to foreclose when it demonstrates "that it had the right to enforce the note and the right to foreclose the mortgage at the time the foreclosure suit was filed" (alteration, internal quotation marks, and citation omitted)); see *also BAC Home Loans Servicing LP v. Smith*, 2016-NMCA-025, ¶ 8, 366 P.3d 714 ("Because the right to enforce the mortgage arises from the right to enforce the note, the question of standing turns on whether the plaintiff has established timely ownership of the note."); *see id.*

4

¶ 9. ("A third party in possession of the note can enforce a negotiable instrument as a holder if the note is either indorsed specifically to the third party, or indorsed in blank, not specifying a person or entity to which the note is indorsed." (quoting NMSA 1978, § 55-1-201(b)(21)(A) (2005) ("providing that a "holder" is a person in possession of a negotiable instrument payable: (1) to bearer, or (2) to an identified person, and who is that person"), and citing § 55-1-201(b)(5) (identifying bearer paper as a negotiable instrument that has an indorsement in blank)).

**Summary Judgment**

{7}     Defendant contends that factual questions—about the right to enforce the note, whether Plaintiff was the lender, and about default and the amount owed—precluded summary judgment. [MIO 13-17, 19-22] We disagree.

{8}     "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (internal quotation marks and citation omitted). "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Id.* (internal quotation

5

marks and citation omitted). "A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant." *Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 29, 294 P.3d 1276 (internal quotation marks and citation omitted). "A party may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (alteration, internal quotation marks, and citations omitted).

{9}     In the current case, Plaintiff attached a copy of the note indorsed in blank to its original complaint and to its amended complaint. [RP 8-10, 89-91] The complaints both state that Plaintiff was in possession of the original note at the time the complaint was filed. [RP 2, 82] Counsel for Plaintiff filed an affidavit of possession of the original note, stating that she has been in possession of the original note since October 3, 2014, [RP 148] several months before Plaintiff initiated this action. [RP 1] Attached to the affidavit is a copy of the original note that appears identical to the copy of the redacted note filed with the complaints. [RP 8-10, 89-91, 148-52] In accordance with LR1-203 NMRA and pursuant to the request of the district court, Plaintiff deposited the original note under seal with the district court to be merged with the judgment

upon its entry. [RP 227-37] The original note also appears identical to the redacted copies already filed with the district court. [RP 235-37] Defendant does not indicate that she presented any evidence suggesting that the note was a fraud or was not the original note or that Plaintiff was not in possession of the original note when it filed its complaint for foreclosure. Nor did Defendant file any motion indicating that she wanted to inspect the purported original note.

{10} Defendant's conclusory assertions about the affidavit and Plaintiff's questionable possession of the original note at the time of the complaint [MIO 13-17] do not show that she demonstrated the existence of disputed material facts. Similarly, Defendant's conclusory assertion that there no evidence that Plaintiff was the "Lender" with the right to enforce the note, [MIO 19-21] does not persuade us in light of the evidence recounted above.

{11} Lastly, Defendant continues to claim that there were issues of fact about the default and the amount owed [MIO 21-22] without identifying or explaining how she demonstrated those factual issues. Defendant's pleadings to us have contained bare denials of the existence of evidence indicating that she defaulted on the loan, and reference to her bare denial in the record. [DS 9; MIO 21-22] She also continues to make a conclusory claim that the amount was incorrect. [Id.] Without more,

7

Defendant does not demonstrate that she defeated summary judgment, nor does she demonstrate error in the granting of summary judgment. *See Horne*, 2013-NMSC-004, ¶ 15; *V.P. Clarence Co.v. Colgate*, 1993-NMSC-022, ¶ 2, 115 N.M. 471, 853 P.2d 722 . Plaintiff presented a debt affidavit, describing Defendant's default on the loan and the amount owing on that loan. [RP 168-71] The record does not contain any evidence to counter's Plaintiff's showing. *See Associated Home & RV Sales*, 2013-NMCA-018, ¶ 29, 294 P.3d 1276 ("A party opposing a motion for summary judgment must make an affirmative showing by affidavit or other admissible evidence that there is a genuine issue of material fact once a prima facie showing is made by the movant." (internal quotation marks and citation omitted)). As a result, we hold that Defendant has not demonstrated error in the district court's grant of summary judgment in favor Plaintiff.

**Motion to Amend**

{12}    Lastly, Defendant includes in her memorandum in opposition, a motion to amend the docketing statement to include a due process challenge. [MIO 24-26] Defendant asks us to permit to add the issue of whether the district court denied her due process by canceling the hearing date without notice and granting summary judgment, where she had prepared affidavits, objections, a request for a continuance

of discovery, and was preparing for oral argument. [MIO 25] Contrary to her obligation when moving to amend the docketing statement, Defendant has not explained how she preserved this issue in district court, and nothing in the record suggests that she has. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309 (explaining that a motion to amend must contain an explanation of how the issues were properly preserved or why they may be raised for the first time on appeal). We also observe that a potential waste of time in preparation and an unidentifiable risk of error do not form the basis for a violation of due process. *See N.M. Dep't of Workforce Solutions v. Garduño*, 2016-NMSC-002, ¶ 11, 363 P.3d 1176 (stating that the due process "*Mathews* test evaluates the following factors: (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail (internal quotation marks and citation omitted)). In addition, the district court is not required to hold a hearing on a motion for summary judgment. *Flagstar Bank v. Licha*, 2015-NMCA-086, ¶ 28, 356 P.3d 1102, *abrogation recognized on other grounds by Romero*, 2016-

NMCA-064. Based on the foregoing, we deny Defendant's motion to amend. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (stating that we will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{13}   For the reasons stated in our notice and in this opinion, we affirm the district court order of summary judgment and foreclosure decree.

{14}   **IT IS SO ORDERED.**

 

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**KRISTINA BOGARDUS, Judge**