| FRANKLIN V. N.M. DEPARTMENT OF CORRECTIONS |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**BRYCE FRANKLIN,**
**Plaintiff-Appellant,**
**v.**
**NEW MEXICO DEPARTMENT OF CORRECTIONS, PENITENTIARY OF NEW MEXICO; JOHN DOE; UNIT MANAGER JESSALYN EATON; KEM HULSKAMP; and WENDY PEREZ,**
**Defendants-Appellees.**

Docket No. A-1-CA-37392
COURT OF APPEALS OF NEW MEXICO
May 14, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, Raymond Z. Ortiz, District Judge

## COUNSEL

Bryce Franklin, Santa Rosa, NM Pro Se Appellant

NM Corrections Department, Paula E. Ganz, Santa Fe, NM for Appellees.

## JUDGES

LINDA M. VANZI, Judge. WE CONCUR: KRISTINA BOGARDUS, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** LINDA M. VANZI

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}**     Plaintiff, a self-represented inmate, appeals from the district court's order granting summary judgment on his various grievances as to the prison's denial of his religious property and the prison's grooming requirements. Unpersuaded that Plaintiff established error, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded to our notice with a motion for remand. We treat Plaintiff's

motion as a memorandum in opposition. *See* Rule 12-210(D)(2) NMRA (contemplating that the party opposing this Court's notice of proposed summary disposition will file a memorandum in opposition, "setting forth reasons why the proposed summary disposition . . . should not be made"). We are not persuaded that Plaintiff established error or other grounds for remand, and affirm.

**{2}** Plaintiff's docketing statement maintained that the district court erred in dismissing his case by ruling that he failed to exhaust his administrative remedies. [DS 5] Plaintiff also contended that the district court abused its discretion: (1) by converting Defendants' motion to dismiss into one for summary judgment, (2) by requiring Plaintiff to appear telephonically for a summary judgment hearing, and (3) by denying Plaintiff the right to call witnesses. [DS 6] We proposed to affirm on grounds that the district court appropriately treated the motion to dismiss as one for summary judgment [CN 2-4] and on grounds that Plaintiff did not otherwise provide us with sufficient information to establish error on any of the many independent grounds on which the district court dismissed. [CN 4-8]

**{3}** Specifically, we observed that Defendants argued several independent grounds for the dismissal of Plaintiff's claims, [1 RP 87-101] and attached supporting affidavits [1 RP 106-08, 146-47] and numerous documents that support dismissal on grounds that Plaintiff failed to exhaust the administrative remedies for his claims. [1 RP 110-144, 149-210; CN 4] We proposed to agree with the district court that Defendants made a prima facie showing that summary judgment was proper, which shifted the burden to Plaintiff to demonstrate a genuine issue of material fact. *See Bank of New York Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443. [CN 4] We explained that Plaintiff did not demonstrate in district court or on appeal how his response to summary judgment and the attached documents satisfied the administrative process that contemplates that non-responses to complaints and grievances. [CN 5] We further explained that Plaintiff did not demonstrate that his property was in fact religious property or that the denial of this property was unattributable to the disciplinary event—related to his possession of unauthorized document—that resulted in Plaintiff's diminished privileges. [CN 6] We also noted that the record does not show Plaintiff demonstrated that he satisfied the administrative process for acquiring a religious exception to the hair-length requirements. [CN 6] We emphasized again that Plaintiff has not shown or even argued that dismissal was inappropriate on the other independent grounds argued by Defendants and accepted by the district court. [CN 6]

**{4}** In response to our notice, Plaintiff filed a short motion for remand. In it he states that under NMSA 1978, Section 33-2-11(C) (1990), the district court cannot be deprived of its plenary constitutional subject matter jurisdiction. [Motion 1] He also states: "As far as immunity, Franklin[']s claims are waived under New Mexico Religious Freedom Act, Chapter 28, Article 22." [Motion 1]

**{5}** Plaintiff's motion does not respond to our proposed disposition as to numerous grounds for affirmance, which constitutes acceptance of our proposed affirmance on those grounds. *See Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287

("Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice."); *State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

{6} Further, Plaintiff's conclusory response does not provide us with any of the information we explained was needed to establish error. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the trial court is correct, and the burden is on the appellant to clearly demonstrate that the trial court erred).

{7} For the reasons stated in our notice and in this opinion, we deny the motion for remand and affirm the district court's order granting summary judgment.

{8} **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**